# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DENISE COOPER** | **CIVIL ACTION NO. 04-2445** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHELTER GENERAL INS. CO., ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Pending before the Court is a Motion for Reconsideration of Order Granting Jury Trial [Doc. No. 16], filed by Plaintiff Denise Cooper. Defendants Shelter Mutual Insurance Co. and Signature Loan Service, L.P. have filed a Reply Brief to the Motion for Reconsideration. For the following reasons, the Plaintiff's Motion for Reconsideration is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

On June 30, 2004, Plaintiff filed a negligence suit in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana. On August 25, 2004, Defendants filed an Answer to Plaintiff's Petition in state court, in which Defendants "pray[ed] for a trial by jury herein on all issues of fact." On December 12, 2004, Defendants removed the case to this Court.

During late March, 2005, the attorneys for Plaintiffs and Defendants had several telephone conferences regarding preparation of the Rule 26(f) Case Management Report. On April 1, 2005, the parties filed their Rule 26(f) Report, in which it was stated that "the parties consent to trial before assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)." No specific mention was made in the report as to a right to jury trial or waiver thereof.

On April 26, 2005, the Clerk of Court issued a Scheduling Order, which set this case for a bench trial on February 7, 2006.

At some point in April or May, 2005, Defense counsel caught the "mistake" of the bench trial

setting in the Scheduling Order, and called Debbie Dickerson, the Courtroom Deputy for this Court. Defense counsel states that Ms. Dickerson told him that the Clerk's office had erred in setting the trial as a bench trial[1] and that he should file a motion to refix it as a jury trial.

On May 23, 2005, Defendants filed a Motion to Upset and Refix Trial for Jury Setting. Defendants did not discuss this motion with Plaintiff, but did serve a copy of the motion, which was received at Plaintiff's office on May 24, 2005.

On May 24, 2005, the Court granted Defendants' Motion to Upset and Refix Trial for Jury Setting. On May 31, 2005, a new Scheduling Order issued from this Court, setting the case for jury trial beginning on February 13, 2006.

On June 10, 2005, Plaintiff filed the instant Motion for Reconsideration, which included a motion for conference with all counsel before the Court.

On June 13, 2005, the Court granted the motion for conference and set the Motion for Reconsideration for a hearing on July 6, 2005.

On June 24, 2005, Defendants filed a Reply Brief to the Motion for Reconsideration.

On July 6, 2005, the Court held a Hearing on the Motion for Reconsideration. Both sides were heard on the motion, and the Court took the motion under advisement.

## II. LAW AND ANALYSIS

It is undisputed that Defendants timely requested a jury trial in state court prior to removal. Pursuant to Rule 81 of the Federal Rules of Civil Procedure, a "party who, prior to removal, had made an express demand for trial by jury in accordance with state law, need not make a demand after removal." Fed. R. Civ. P. 81(c); *see also Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 415 n.26

---

[1] Apparently, the Answer which had been filed in state court and which contained the original jury demand, had not been properly docketed with the Court at that time.

(5th Cir. 2002) (It is well-established that a "new jury demand need not be filed after removal where one had been filed in state court because the previously filed demand became a part of the federal court record.").[2]

Under Rule 38 of the Federal Rules of Civil Procedure, once a jury trial demand has been made, it cannot be withdrawn except with the consent of all parties. Fed. R. Civ. P. 38(d) ("A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."); *see also Allison v. Citgo Petroleum*, 151 F.3d 402, 423 (5th Cir. 1998) (same).

In turn, Rule 39 defines the protection and procedure for consensual withdrawal of a jury demand under Rule 38(d). Rule 39(a) provides:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the *parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record*, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or of all those issues does not exist under the Constitution or statutes of the United States.[3]

Fed. R. Civ. P. 39(a) (emphasis added); *see also Rachal v. Ingram Corp.*, 795 F.2d 1210, 1214-15 (5th Cir. 1986) ("Rule 39(a) defines the protection provided by Rule 38(d); Rule 39(a)(1) requires consent, and provides the procedure for consensual withdrawal of a jury demand."). "While consent to a nonjury trial need not be explicit, and the right to a jury trial may be waived by the conduct of the parties, there must be at least some unambiguous indication of that consent, or, as it is sometimes called, a waiver." *Jones v. Birdsong*, 679 F.2d 24, 28 (5th Cir. 1982).

Thus, the question is whether Defendants withdrew or otherwise consented to withdraw their

---

[2] It was pursuant to the authority of Rule 81(c) that on May 24, 2005, the Court initially granted Defendants' Motion to Upset and Refix Trial for Jury Setting.

[3] There is no indication that the right to trial by jury of these issues does not exist under the Constitution or the statutes of the United States.

3

right to trial by jury after their previous demand.[4]

Plaintiff argues that Defendants waived their right to a jury trial during telephone conferences between the attorneys in preparation of the Rule 26(f) Case Management Report. Plaintiff claims that during these conversations, the attorneys "specifically discussed and agreed that defendants were waiving jury trial and consenting to trial before Magistrate Judge Kirk." Defendants' attorney admits that he discussed the possibility of consenting to a trial before the assigned Magistrate Judge, but argues that he "did not agree to waive a jury trial." At the July 6, 2005 hearing on this matter, Plaintiff failed to present any evidence that Defendants waived their right to a jury trial during the attorneys' communications. Even assuming, *arguendo*, that there was such an oral agreement between the attorneys, under Rule 39(a) there would still be no waiver of the right to a jury trial unless there was a written stipulation filed with the court or an oral stipulation made in open court and entered into the record.

Plaintiff next argues that "[t]he Request for Jury Trial by defendants was waived, as reflected by paragraph numbered 7 of the 'Rule 26(f) Case Management Report', wherein it is stated 'The parties consent to trial before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).'" However, the Court finds that there is no language in the Rule 26(f) Report indicating that Defendants withdrew or waived their jury demand. The Report states that "[t]he parties consent to trial before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)," but does not mention any right to a jury or waiver thereof. The Plaintiff's implicit argument, therefore, must be that consent to trial by Magistrate is the equivalent to a waiver of jury rights. To the contrary, 28 U.S.C. § 636(c) explicitly provides: "Upon the consent of the parties, a full-time United States magistrate judge . .

---

[4] Both parties, of course, must consent to the withdrawal of a jury demand once properly made; however, there can be no doubt that Plaintiff consents, as Plaintiff is the party moving for reconsideration of the Court's Order granting a trial by jury.

. may conduct any or all proceedings in a *jury or nonjury* civil matter." 28 U.S.C. § 636(c)(1) (emphasis added); *see also* Fed. R. Civ. P. 73(a) ("When all parties consent thereto, a magistrate judge may exercise the authority provided by 28 U.S.C. § 636(c) and may conduct any or all proceedings, *including a jury or nonjury trial*, in a civil case.") (emphasis added); *In re Clay*, 35 F.3d 190, 196 (5th Cir. 1994) (noting that "federal magistrates may conduct jury trials with the parties' consent."). Accordingly, the Court finds that, without more, consent to trial by a Magistrate Judge in a pretrial report, as was the case here, does not give rise to an inference that the parties waived their right to a jury trial.

The Seventh Amendment to the United States Constitution provides that "(i)n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The "right to a fair trial by a jury of one's peers is unquestionably one of the most precious and sacred safeguards enshrined in the Bill of Rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 572 (1976) (Brennan, J., concurring in judgment). A jury demand was properly made in this case, and Plaintiffs have not demonstrated that Defendants waived their right to a jury trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Denise Cooper's Motion for Reconsideration of Order Granting Jury Trial [Doc. No. 16] is DENIED.

MONROE, LOUISIANA, this 11th day of July, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE